Order Filed on August 19, 2019
by Clerk U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK (UTICA)

Caption in Compliance with D.N.J. LBR 9004-2(c)

Jonathan Schwalb, Esq.
Friedman Vartolo LLP
85 Broad Street, Suite 501
New York, New York 10004
Attorney for BSI Financial Services as servicer for
U.S. Bank Trust National Association, as Trustee
of Bungalow Series III Trust
P: (212) 471-5100
Bankruptcy@FriedmanVartolo.com

Case No.: 18-26704
Chapter 13
Judge: John K. Sherwood

IN RE:

Carmen E. Lozada

Debtor(s)

## CONSENT ORDER RESOLVING BSI FINANCIAL SERVICES' OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3), is hereby **ORDERED**

**DATED: August 19, 2019**

Honorable John K. Sherwood
United States Bankruptcy Court


(Page 2)
Debtor:       Carmen E. Lozada
Case No.:    18-26704
Caption:     Consent Order Resolving BSI Financial Services' Objection to Confirmation of Debtor's Chapter 13 Plan

THIS MATTER having been brought before the Court by Russell L. Low, Esq., attorney for the debtor, Carmen E. Lozada ("Debtor"), upon the filing of a Chapter 13 Plan, and BSI Financial Services("Secured Creditor"), by and through its attorneys, Friedman Vartolo, LLP, having filed an Objection to the Confirmation of said Chapter 13 Plan, and the parties having subsequently resolved their differences;

**IT IS HEREBY ORDERED** as follows:

**ORDERED** that the treatment of Secured Creditor's Claim is modified as follows: Upon successful completion of the Debtor's Chapter 13 Plan and receipt of a Chapter 13 order of discharge under 11 U.S.C. §1328(a), the Secured Creditor's mortgage dated November 3, 2005 and recorded on November 21, 2005 and in the original amount of $372,000.00 on the Debtor's property commonly known as 34 Richardson Avenue, Haledon, NJ 07508 will be crammed down to $260,000.00, which amount will be paid over the sixty (60) month term of Debtor's Chapter 13 Plan, which will not exceed the date of September 1, 2024, at five percent (5.0%) interest in monthly installments payments of $4,906.52 in principal and interest to be paid commencing the month after the Effective Date. The balance of the claim shall be reclassified as a General Unsecured Claim and paid in accordance with the treatment afforded other General Unsecured creditors; and it is further

(Page 3)
Debtor:      Carmen E. Lozada
Case No.:    18-26704
Caption:     Consent Order Resolving BSI Financial Services' Objection to Confirmation of Debtor's Chapter 13 Plan

**ORDERED** that Debtor shall pay Secured Creditor $12,145.85 which comprise of escrow advances that were made on Debtor's behalf in the year 2018 via either a lump sum disbursement to Secured Creditor or capitalized into a modified Chapter 13 Plan to be filed within ten (10) days after the entry of this order; and it is further

**ORDERED** that Debtor shall maintain real estate taxes due on the Property, with proof of same being provided to Secured Creditor within fifteen (15) days of such tax payments being due; and it is further

**ORDERED** that Debtor shall maintain homeowner's insurance on the Property, with proof of same being supplied to Secured Creditor on an annual basis; and it is further

**ORDERED** that in the event Debtor defaults on the terms of the cram down and fails to remit timely payment to Creditor, Creditor may obtain an Order Vacating the Automatic Stay as to the Premises by filing, with the Bankruptcy Court, a Motion for Relief from the Automatic Stay specifying the Debtors' failure to comply with this Order. At the time the Motion is filed with the court, a copy shall be sent to the Chapter 13 Trustee, the Debtor, and the Debtors' Attorney

**ORDERED** that in the event the Debtor fails to complete the cram down payments per the above, or the case is converted to any other bankruptcy chapter, the automatic stay is terminated, or the case is dismissed before completion of the plan and receipt of a Chapter 13 order of discharge under 11 U.S.C. § 1328(a), pursuant to 11 U.S.C. §348(f)(1)(C) and 11 U.S.C.

§349, the terms of this Consent Order shall no longer be binding and Secured Creditor retains its security interest until the full amount of the claim as determined under applicable non-bankruptcy law is paid in full; and it is further

**ORDERED** that this Order shall be incorporated in and become part of any Order Confirming Plan in the herein matter.

The undersigned hereby consent to the form and entry of the within Order:

| | |
|---|---|
| _____ | /s/ Jonathan Schwalb |
| Russell L. Low, Esq. | Jonathan Schwalb, Esq. |
| Attorney for the Debtor, | Attorney for Secured Creditor, |